IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. CR03-4023-MWB |
| Plaintiff, | : | |
| v. | : | DEFENDANT'S MOTION TO DISMISS SUPERSEDING INDICTMENT |
| NIKKI JANE NIEMAN, | : | |
| Defendant. | : | EXPEDITED HEARING REQUESTED |

COMES NOW Defendant Nikki Jane Nieman and moves to dismiss the Superseding Indictment pursuant to Fed. R. Crim. Pro. 12(b)(2) for the following reasons:

### COUNT I

Count I alleges a violation of Title 18 U.S.C. § 1344, the execution of a scheme to defraud Firstar Bank aka U.S. Bancorp aka U.S. Bank (Firstar). Paragraphs 3(a) and 3(b) which define the scheme to defraud allege that Defendant Nieman reopened her personal account on March 7, 2001 and April 17, 2001, without authorization of the bank and without paying off a negative balance which had already been charged off by the bank. Neither of those paragraphs allege anything that could be construed to be illegal even if the facts were true. Merely opening up an account in violation of the bank's policies is not evidence of a scheme to defraud the bank since there is no allegation of any loss to the bank as a consequence of the reopening of the accounts. Paragraph 3(d) alleges that Nieman reopened an employee's account. It does not allege that there were any losses as a result of reopening the account. Paragraph 3(e) alleges that

1

Nieman reopened the same employees account as in 3(d) but does not allege that the bank lost any money as the result of reopening the account.

In summary, Count I alleges the execution of a scheme to defraud but it alleges facts which don't relate to the bank losing any money as a result of Defendant's conduct so the Court should dismiss Count I or at the very least, delete Paragraphs 3(a), 3(b), 3(d) and 3(e).

## COUNT II

Count II alleges that Nieman embezzled $5,505.62 "in that the defendant, without proper authorization, reopened an account belonging to defendant and her husband, account no. 793386244, when, at the time, it had been closed by the bank and charged-off because of a negative balance of $5,505.62." It is a nonsensical count. Even if it were true that Nieman reopened an account after the bank had charged off the account balance of $5,505.62, opening the account would have not causal relationship to embezzling the $5,505.62. The Count should be dismissed because even if the facts underlying the account are taken as true it would not be a crime under Title 18 U.S.C. § 656.

## COUNT III

Count III alleges that Nieman, on a different occasion than Count II, reopened the same account as in Count II and by doing so embezzled $346.46. However the language in the Count makes it clear that $346.46 had been written off by the bank prior to Nieman reopening the account and therefore reopening the account would have absolutely no causal effect to the bank losing $346.46. The language of Count III states as follows: Nieman "did knowingly and willfully misapply and embezzle the sum of approximately $346.46 of the money and credits entrusted to the care of said institution and the defendant, in that the defendant, without proper

authorization, reopened an account belonging to defendant and her husband, account no. 793386244 when, at the time, it had been closed by the bank and charged-off because of a negative balance of $346.46." Reopening an account with a charged-off balance is not an act that would have any effect whatsoever on embezzling $346.46 from the bank.

Respectfully submitted this 23rd day of May, 2003.

MUNGER, REINSCHMIDT & DENNE, L.L.P.

By: _____
Stanley E. Munger

By: _____
Jay E. Denne
600 Fourth Street, 303 Terra Centre
P. O. Box 912
Sioux City, IA 51102
(712) 233-3635
(712) 233-3649 (fax)
ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**
The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on _____ 20___

By: ☐ U.S. Mail          ☐ FAX
    ☑ Hand Delivered     ☐ Overnight Courier
    ☐ Certified Mail     ☐ Other:
Signature: _____

Copy to:

Michael M. Hobart
Assistant United States Attorney
320 6th Street, Room 203
Sioux City, IA 51101-1262

Nieman,nikki/motion dismiss

3