IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. CR03-4023-MWB |
| Plaintiff, | : | |
| | : | DEFENDANT'S SECOND MOTION |
| v. | : | TO DISMISS SUPERSEDING |
| | : | INDICTMENT |
| NIKKI JANE NIEMAN, | : | |
| | : | EXPEDITED HEARING REQUESTED |
| Defendant. | : | |

COMES NOW Defendant Nikki Jane Nieman and moves to dismiss the Superseding Indictment for the following reasons:

1. The Superseding Indictment is not, as stated by Mr. Hobart in his letter to the Court dated May 16, 2003, attached, a mere formality to "clarify" the Indictment. The Superseding Indictment substantially alters the charges against Defendant Nieman and should be dismissed because it prejudices Defendant.

2. Attached hereto is a copy of the original Indictment and also what Defendant Nieman believes, based on representations of the Assistant U.S. Attorney Hobart, will be or is the Superseding Indictment. Changes in the two are highlighted.

3. The essence of the Counts in the original Indictment is the government allegation that Nieman "eliminated" from the bank's records a negative balance on her account and on the account of a co-employee. By allegedly eliminating the negative balance from the account records, they allege that the owed balance was eliminated from bank records and thus stolen. In the new Indictment, there is no reference to eliminating those negative balances and instead the

1



focus shifts to Nieman reopening her account and a co-employee's account "without authorization".

4. Nieman has prepared for trial based on the original Indictment and was not made aware until Mr. Hobart's letter which Defendant's counsel received on Friday, May 16th at 4:26 p.m. that the government was going to change the charges to an entirely different, previously undisclosed theory.

5. The charges in both Indictments stem from activities that are alleged to have occurred in the summer of 2001 and which were brought to the attention of the government on September 12, 2001 when Jeff Wahl, fraud investigator for U.S. Bank, contacted Special Agent Robert Koob, Secret Service, Omaha. The Indictment was filed March 19, 2003 and the Superseding Indictment will be filed according to the prosecutor on May 22, 2003. Changing the governments theory on the eve of trial after Defendant has already prepared her defense to the charges is intentional misconduct and prejudices Defendant.

6. The Superseding Indictment should not be treated as a mere technical change in the original Indictment because it sets forth brand new theories which were not previously disclosed to Defendant Nieman and as a consequence Defendant Nieman has been prejudiced in her preparation of the defense of the case which is scheduled to go to trial on June 2, 2003.

WHEREFORE, Defendant Nieman requests the Court dismiss the Superseding Indictment with prejudice and order that this case proceed to trial on the original Indictment.

Respectfully submitted this 23rd day of May, 2003.

**CERTIFICATE OF SERVICE**
The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on May 23, 2003.

By: ☐ U.S. Mail  ☐ FAX
☑ Hand Delivered  ☐ Overnight Courier
☐ Certified Mail  ☐ Other

Signature: Brenda L. Lance

Copy to:

Michael M. Hobart
Assistant United States Attorney
320 6th Street, Room 203
Sioux City, IA 51101-1262

Nieman,nikki/motion dismiss2

MUNGER, REINSCHMIDT & DENNE, L.L.P.

By: _____
    Stanley E. Munger

By: _____
    Jay E. Denne
600 Fourth Street, 303 Terra Centre
P. O. Box 912
Sioux City, IA 51102
(712) 233-3635
(712) 233-3649 (fax)
ATTORNEYS FOR DEFENDANT



## U. S. Department of Justice

*United States Attorney*
*Northern District of Iowa*

---

*Mailing Address and Shipping Address:*
*320 6th Street, Room 203*                    (712) 255-6011
*Sioux City, IA 51101-1262*                   *Fax (712) 252-2034*

May 16, 2003

Honorable Mark W. Bennett
313 Federal Bldg. & U.S. Courthouse
320 Sixth Street
Sioux City, IA 51101

Stanley E. Munger
Attorney at Law
P.O. Box 912
Sioux City, IA 51102

      Re:    *United States v. Nikki Nieman*
            CR03-4023MWB

Dear Judge Bennett and Mr. Munger:

     On May 15, 2003, I was engaged in interviewing my witnesses from the bank preparing for trial and discovered that some of the language in the original indictment needed to be changed to clarify the indictment. No new counts have been added, but I feel it necessary to supersede to make the indictment consistent with what I believe the facts to be.

     I am enclosing a copy of what I am proposing will be the superseding indictment which may have minor modifications prior to presentation of the grand jury next week. I don't believe that this should delay the trial, but I am sending this to you to enable you to understand what the superseding indictment will probably look like. If you have any questions regarding this, do not hesitate to contact me.

                                              Sincerely,

                                              CHARLES W. LARSON, SR.
                                              United States Attorney

                                              By: *[signature]*

                                              MICHAEL M. HOBART
                                              Assistant United States Attorney

MMH/mls

FILED
U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

2003 MAR 19 PM 4:41

SIOUX CITY DIV. OFFICE

BY____pm____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>vs.<br><br>NIKKI JANE NIEMAN,<br><br>  Defendant. | No. CR 03-4023MWB<br><br>COUNT 1<br>18 U.S.C. § 1344:<br>Bank Fraud<br><br>COUNTS 2 and 3<br>18 U.S.C. § 656:<br>Misapplication and<br>Embezzlement |

## INDICTMENT

The Grand Jury charges:

## COUNT 1

### INTRODUCTION

1.  At all times relevant to this Indictment:

    a.  Firstar Bank aka U.S. Bancorp aka U.S. Bank (Firstar) was a financial institution with locations in Sioux City, Iowa. Firstar's accounts were insured by the Federal Deposit Insurance Corporation (FDIC).

    b.  The defendant Nikki Jane Nieman was employed by Firstar as branch manager at the branch facility at 4608 Morningside Avenue, Sioux City, Iowa. Defendant Nieman's employee identification number was XH0722.

    c.  It was against Firstar's policy for an employee to conduct a transaction on his or her account.

d. Defendant Nieman and her husband, Michael Nieman, had an account with Firstar in the name of Atlantis Construction. The account was a demand deposit (DDA) or checking account with number 793386244.

e. Sheila Allen was employed by Firstar as a teller supervisor. Sheila Allen had a DDA with account number 195835640.

## THE SCHEME TO DEFRAUD

2. Beginning on or about March 2001, and continuing to December, 2001, in the Northern District of Iowa, defendant NIKKI JANE NIEMAN knowingly executed and attempted to execute a scheme and artifice to defraud Firstar aka U.S. Bancorp aka U.S. Bank, in violation of Title 18, United States Code, Section 1344.

## THE EXECUTION OF THE SCHEME TO DEFRAUD

3. Defendant's scheme was carried out, in part, as follows:

a. On or about March 7, 2001, defendant NIEMAN reopened her account, no. 793386244. At the time the account was reopened by defendant, it should have had a negative balance of $5,505.62. She reopened the account with a balance of $0.00 thereby eliminating the negative balance.

b. On or about April 17, 2001, defendant NIEMAN eliminated a negative balance on account no. 793386244 in the amount of $346.46; the negative balance was caused by non-sufficient funds (NSF) checks being returned. She brought the negative balance to $0.00 on this date.

c. During August of 2001, and continuing to about September of 2001, defendant NIEMAN used her position to access the overdraft report for Firstar to change the NSF checks on her account from "Return-Charge" to "Pay-No Charge" which allowed the account to be further overdrawn and caused NSF return check fees, which should have been charged to defendant's account, to be waived by Firstar.

d. From April to July of 2001, defendant NIEMAN accessed Sheila Allen's account no. 195835640, which had a negative balance of $878.53 and reopened it with a balance of $0.00. Thereafter Allen's account was again zeroed by the defendant eliminating a negative balance of $779.41.

This was in violation of Title 18, United States Code, Section 1344.

## COUNT 2

On or about the 7th day of March, 2001, in the Northern District of Iowa, defendant NIKKI JANE NIEMAN, being an employee of Firstar aka U.S. Bancorp aka U.S. Bank, with intent to defraud Firstar, an institution insured by the FDIC, did knowingly and willfully misapply and embezzle the sum of approximately $5,505.62 of the money and credits entrusted to the care of said institution and the defendant, in that the defendant reopened an account belonging to defendant and her husband, account no. 793386244, with a balance of $0.00, when at the time it actually had a negative balance of $5,505.62.

This was in violation of Title 18, United States Code, Section 656.

## COUNT 3

On or about the 17th day of April, 2001, in the Northern District of Iowa, defendant NIKKI JANE NIEMAN, being an employee of Firstar aka U.S. Bancorp aka U.S. Bank with intent to defraud Firstar, an institution insured by the FDIC, did knowingly and willfully misapply and embezzle the sum of approximately $346.46 of the money and credits entrusted to the care of said institution and the defendant, in that the defendant reopened an account belonging to defendant and her husband, account no. 793386244, with a balance of $0.00, when at the time it actually had a negative balance of $346.46.

This was in violation of Title 18, United States Code, Section 656.

A TRUE BILL

___
Foreperson
Dated: March 19, 2003

CHARLES W. LARSON, SR.
United States Attorney

By: *[signature]*

MICHAEL M. HOBART
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | No. CR |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | COUNT 1 |
| | ) | 18 U.S.C. § 1344: |
| NIKKI JANE NIEMAN, | ) | Bank Fraud |
| | ) | |
| Defendant. | ) | COUNTS 2 and 3 |
| | ) | 18 U.S.C. § 656: |
| | ) | Misapplication and |
| | ) | Embezzlement |

## INDICTMENT

The Grand Jury charges:

## COUNT 1

### INTRODUCTION

1. At all times relevant to this Indictment:

    a. Firstar Bank aka U.S. Bancorp aka U.S. Bank (Firstar) was a financial institution with locations in Sioux City, Iowa. Firstar's accounts were insured by the Federal Deposit Insurance Corporation (FDIC).

    b. The defendant Nikki Jane Nieman was employed by Firstar as branch manager at the branch facility at 4608 Morningside Avenue, Sioux City, Iowa. Defendant Nieman's employee identification number was XH0722.

    c. It was against Firstar's policy for an employee to conduct a transaction on his or her account or open a closed DDA account, that had been closed for insufficient funds (charged-off), without authorization.

  d. Defendant Nieman and her husband, Michael Nieman, had an account with Firstar in the name of Atlantis Construction. The account was a demand deposit (DDA) or checking account with number 793386244.

  e. Sheila Allen was employed by Firstar as a teller supervisor. Sheila Allen had a DDA with account number 195835640.

### THE SCHEME TO DEFRAUD

2. Beginning on or about March 2001, and continuing to October, 2001, in the Northern District of Iowa, defendant NIKKI JANE NIEMAN knowingly executed and attempted to execute a scheme and artifice to defraud Firstar aka U.S. Bancorp aka U.S. Bank, in violation of Title 18, United States Code, Section 1344.

### THE EXECUTION OF THE SCHEME TO DEFRAUD

3. Defendant's scheme was carried out, in part, as follows:

  a. On or about March 7, 2001, defendant NIEMAN reopened her account, no. 793386244. At the time the account was reopened by defendant, it had been closed because she had a negative balance of $5,505.62. Defendant Nieman reopened the account with a balance of $0.00, without authorization, and began using the account without paying off the negative balance as required by bank policy.

  b. On or about April 17, 2001, defendant NIEMAN reopened her account, no. 793386244. At the time the account was reopened by defendant, it had been closed because she had a negative balance of $346.46. Defendant Nieman

reopened the account with a balance of $0.00, without authorization, and began using the account without paying off the negative balance as required by bank policy.

c. During August of 2001, and continuing to about September of 2001, defendant NIEMAN used her position to access the overdraft report for Firstar to change the NSF checks on her account from "Return-Charge" to "Pay-No Charge" which allowed the account to be further overdrawn and caused NSF return check fees, which should have been charged to defendant's account, to be waived by Firstar.

d. From April to July of 2001, defendant NIEMAN, without proper authorization, reopened Sheila Allen's account no. 195835640, which had been closed and charged-off by the bank because of a negative balance of $878.53 which brought the balance to $0.00.

e. From April to July of 2001, defendant NIEMAN, without proper authorization, reopened Sheila Allen's account no. 195835640, which had been closed and charged-off by the bank because of a negative balance of $779.41 which brought the balance to $0.00.

This was in violation of Title 18, United States Code, Section 1344.

## COUNT 2

On or about the 7th day of March, 2001, in the Northern District of Iowa, defendant NIKKI JANE NIEMAN, being an employee of Firstar aka U.S. Bancorp aka U.S. Bank, with intent to defraud Firstar, an institution insured by the FDIC, did knowingly and willfully misapply and embezzle the sum of approximately $5,505.62 of the money and credits entrusted to the care of said institution and the defendant, in that

the defendant, without proper authorization, reopened an account belonging to defendant and her husband, account no. 793386244, when, at the time, it had been closed by the bank and charged-off because of a negative balance of $5,505.62.

This was in violation of Title 18, United States Code, Section 656.

### COUNT 3

On or about the 17th day of April, 2001, in the Northern District of Iowa, defendant NIKKI JANE NIEMAN, being an employee of Firstar aka U.S. Bancorp aka U.S. Bank, with intent to defraud Firstar, an institution insured by the FDIC, did knowingly and willfully misapply and embezzle the sum of approximately $346.46 of the money and credits entrusted to the care of said institution and the defendant, in that the defendant, without proper authorization, reopened an account belonging to defendant and her husband, account no. 793386244 when, at the time, it had been closed by the bank and charged-off because of a negative balance of $346.46.

This was in violation of Title 18, United States Code, Section 656.

A TRUE BILL

_____
Foreperson
Dated: May 19, 2003

CHARLES W. LARSON, SR.
United States Attorney

By:

MICHAEL M. HOBART
Assistant United States Attorney