IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CASE NO. CR03-4023-MWB |
| Plaintiff, | : | |
| | : | **DEFENDANT'S BRIEF IN SUPPORT** |
| v. | : | **OF MOTION TO DISMISS** |
| | : | **SUPERSEDING INDICTMENT** |
| NIKKI JANE NIEMAN, | : | |
| Defendant. | : | |

COMES NOW Defendant Nikki Jane Nieman and submits the following Brief in Support of Motion to Dismiss Superseding Indictment:

Defendant has filed two separate motions to dismiss the Superseding Indictment; one motion alleges that the allegations made in the Superseding Indictment do not constitute a crime as a matter of law, and the second alleges that the last-minute filing of the Superseding Indictment violates Nieman's constitutional right to a fair and speedy trial by changing the issues at the last minute and prejudicing the preparation of her defense.

Challenges to the sufficiency of the Indictment are analyzed under Fed.R.Crim.Pro. 12(b)(2). Such motions have been examined under the following standard:

> The United States Court of Appeals for the Fifth Circuit has found that: "An indictment is sufficient if it contains the elements of the offense charged, fairly informs the defendant what charge he must be prepared to meet, and enables the accused to plead acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Cauble*, 706 F.2d 1322, 1333 (5th Cir. 1983). Generally, the sufficiency of an indictment is determined from its face. *See United States v. Risk*, 843 F.2d 1059, 1061 (7th Cir. 1988) (citing *United States v. Sampson*, 371 U.S. 75, 78-79, 9 L.E.2d 136, 83 S. Ct. 173 (1962). A court, however, may consider whether the allegations contained in the indictment are sufficient to state a claim under the relevant criminal statute. *Id. See also United States v. Brown*, 925 F.2d 1301, 1305 (10th Cir. 1991) (holding that "it is

1

permissible and may be desirable where the facts are essentially undisputed, for the district court to examine the factual predicate for an indictment to determine whether the elements of the criminal charge can be shown sufficiently for a submissible case.")

*United States v. Edmonson*, 175 F.Supp. 889, 891 (S.D. Miss. 2001).

The reasons why the Superseding Indictment should be dismissed are set forth in the respective Motions to Dismiss. The factual predicate for the Superseding Indictment does not constitute a crime under the statutes mentioned in the Superseding Indictment. Alternatively, the late filing of the Superseding Indictment has prejudiced Nieman because the theories charged have changed on the eve of trial, and the Superseding Indictment should be dismissed on those grounds.

WHEREFORE, Defendant respectfully requests that the Court grant her Motion to Dismiss.

Respectfully submitted this 23rd day of May, 2003.

MUNGER, REINSCHMIDT & DENNE, L.L.P.

By: _____
Stanley E. Munger

By: _____
Jay E. Denne
600 Fourth Street, 303 Terra Centre
P. O. Box 912
Sioux City, IA 51102
(712) 233-3635
(712) 233-3649 (fax)
ATTORNEYS FOR DEFENDANT

2

Copy to:

Michael M. Hobart
Assistant United States Attorney
320 6th Street, Room 203
Sioux City, IA 51101-1262

Nieman,nikki/motiondismissbrief

**CERTIFICATE OF SERVICE**
The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on May 23, 20 03.

By:
- [ ] U.S. Mail
- [x] Hand Delivered
- [ ] Certified Mail
- [ ] FAX
- [ ] Overnight Courier
- [ ] Other:

Signature: Brenda [signature]